@ complex

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                    )
                                       )    **CRIMINAL CASE NO. CF0467-12**
            vs.                        )
                                       )    **DECISION AND ORDER**
GORDON LEE WRIGHT,                     )
                                       )
            Defendant.                 )
                                       )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motions to dismiss and to suppress, filed March 11, 2013. Oral arguments were heard on April 8, 2013. Assistant Attorney General Brian D. Gallagher, Esq. appeared on behalf of the Government and Attorney Peter C. Perez, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with attempted murder and aggravated assault based upon the following allegations. On July 28, 2012, Guam Police Officer John P.T. Lizama arrived at the scene of an alleged shooting in Dededo. (Testimony of John P.T. Lizama, Record Log at 9:39, Apr. 8, 2013.) Witnesses did not see the shooter but they did see a truck drive away from the scene. *Id.* Witnesses also identified the Defendant as the victim's neighbor. *Id.* The victim was transported to the airport for medical treatment off-island, where he allegedly identified Defendant as the shooter in a photo lineup conducted by airport police. *Id.*

On August 2, 2012, Defendant voluntarily met with Officer Lizama at the police station. *Id.* The interview began at 5:45 p.m. when Officer Lizama asked Defendant for some identification and then verified the information on Defendant's driver's license. *Id.* and Defendant's Exhibit "1" at 2 (Apr. 8, 2013). Officer Lizama then informed Defendant of his rights at 5:48 p.m., which Defendant waived in writing before making oral and written statements. *Id.* and Defendant's Exhibit "1" at 4-6.

///

On August 10, 2012, Defendant was indicted on the following charges:

## FIRST CHARGE

On or about the 28th day of July 2012, in Guam, GORDON LEE WRIGHT, did commit the offense of *Attempted Murder*, in that he did, intentionally and knowingly attempted [*sic*] to cause the death of a human being, that is, Daniel L. Crane, in violation of 9 G.C.A. §§ 16.40(a)(1) and (b) and 13.10.

### *SPECIAL ALLEGATION*
*Possession and Use of a Deadly Weapon in the Commission of a Felony*

On or about the 28th day of July 2012, in Guam, GORDON LEE WRIGHT, did knowingly and unlawfully possess and use a deadly weapon, that is, a firearm, in the commission of a felony, that is, *Attempted Murder (As a 1st Degree Felony)*, as alleged in the First Charge above, in violation of 9 G.C.A. § 80.37.

## SECOND CHARGE

On or about the 28th day of July 2012, in Guam, GORDON LEE WRIGHT, did commit the offense of *Aggravated Assault*, in that he did, recklessly cause serious bodily injury to another, Daniel L. Crane, in circumstances manifesting extreme indifference to the value of human life, in violation of 9 G.C.A. §§ 19.20(a)(1) and (b).

### *SPECIAL ALLEGATION*
*Possession and Use of a Deadly Weapon in the Commission of a Felony*

On or about the 28th day of July 2012, in Guam, GORDON LEE WRIGHT, did knowingly and unlawfully possess and use a deadly weapon, that is, a firearm, in the commission of a felony, that is, *Aggravated Assault (As a 2nd Degree Felony)*, as alleged in the Second Charge above, in violation of 9 G.C.A. § 80.37.

(Indictment, Aug. 10, 2012.)

On March 11, 2013, Defendant filed the present motion to suppress statements to police and the present motion to dismiss the indictment under 8 GCA § 55.10. Defendant argues that he was not informed of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) until three (3) minutes after his interview began and that the indictment does not notify him of the conduct that forms the basis of the charges. The Government argues that Defendant was informed of his rights before he made any custodial statements and, secondly, that the indictment notifies Defendant with a plain, concise and definite statement of the essential facts of the offense.

## DISCUSSION

### 1. Indictment

Under Guam law, a criminal indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." 8 GCA § 55.10(a). An indictment is "sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." *People v. Jones*, 2006 Guam 13 ¶ 12. "Furthermore, it is also well established that an indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Id.* (*quoting U.S. v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985)).

In this case, the indictment contains the language of the relevant offenses and identifies the date, place, victim, weapon and Defendant. When the indictment is read in its entirety according to common sense, it is clear that Defendant is charged with seriously injuring and attempting to kill Daniel L. Crane with a gun on July 28, 2012 in Guam. The indictment remains sufficient without a description of how Defendant used the gun because that particular fact is necessarily implied from the allegations of serious bodily injury and the attempt to cause death. The indictment adequately informs Defendant of which crimes he must defend against and it is clear enough to bar subsequent prosecution for the same offense of gun violence causing serious injury against Daniel L. Crane on July 28, 2012. For this reason, the indictment is sufficient and it shall not be dismissed.

### 2. Statements to Police

Under Guam law, a *Miranda* warning is only required for suspects whose freedom is restrained under police custody and warnings are not required "simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect." *People v. Santos*, 2003 Guam 1 ¶ 45 (*quoting Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714 (1977)). A suspect is in custody for the purposes of *Miranda* when the circumstances do not allow a reasonable person to feel free to leave. *Id.* at ¶ 51.

A suspect in police custody must be informed of their rights prior to an interrogation or else the statements elicited by police are inadmissible. *People v. Farata*, 2007 Guam 8 ¶ 20. An interrogation occurs when a defendant is asked questions in custody which police can expect will elicit any incriminating response that the prosecution may seek to introduce at trial. *Id.* at ¶ 36 (*quoting Rhode Island v. Innis*, 446 U.S. 291, 301 n. 5 (1980)). However, the privilege against compelled self-incrimination "does not protect a suspect from being compelled by the State to produce real or physical evidence." *Pennsylvania v. Muniz*, 496 U.S. 582, 589, 110 S.Ct. 2638, 2643, 110 L.Ed.2d 528 (1990) (internal quotations omitted).

In this case, assuming *arguendo* that Defendant was in custody when he voluntarily met with Officer Lizama, he did not make any incriminating responses or confessions before he was advised of his *Miranda* rights. Defendant was asked to produce physical evidence of identification before the interrogation and the *Miranda* warning began. This evidence is not protected by the Fifth Amendment privilege against self-incrimination and the police did not elicit any custodial statement or incriminating response until after Defendant was advised of his Fifth Amendment rights. For this reason, Defendant's statements to police shall not be suppressed.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss is hereby DENIED and Defendant's motion to suppress is hereby DENIED.

**SO ORDERED** this __18TH__ day of April, 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

APR 18 2013

James R. Borja
Deputy Clerk, Superior Court of Guam

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

Page 4 of 4